# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JOHN D. POLLOCK, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 4:24-cv-669 |
| § | Judge Mazzant |
| AMERICAN ENDOWMENT § | |
| FOUNDATION, § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff John D. Pollock's Corrected Motion to Reconsider, Vacate and/or Amend Judgment Pursuant to FRCP 59(e) and 60(b) (the "Motion to Reconsider") (Dkt. #25). Having considered the Motion to Reconsider, the relevant pleadings, and the applicable law, the Court finds that the Motion to Reconsider should be **DENIED**.

### BACKGROUND

Both the factual and initial procedural background of this case was detailed in the Court's previous opinion and need not be repeated in full here (Dkt. #21 at pp. 1–3). The pertinent facts are as follows: on July 23, 2025, the Court granted Defendant's 12(b)(6) motion, dismissed Plaintiff's claims with prejudice, and terminated the action (Dkt. #21 at p. 9). In its previous opinion, the Court found that Plaintiff, the independent executor of Herbert K. Bennett and the prior financial advisor of the Herbert K. Bennett Charitable Fund (the "Fund"), lacked contractual standing to bring suit against Defendant to enforce Plaintiff's interpretation of the Fund's charitable purpose (Dkt. #21 at p. 6; Dkt. #25 at p. 5). Specifically, the Court found that Plaintiff was not a party to the original contract governing the Fund or otherwise in privity with it, and that

Plaintiff's production of a letter by the Fund's creator did not modify the existing contract (Dkt. #21 at p. 8).

On August 20, 2025, almost one month after the Court dismissed Plaintiff's claims with prejudice, Plaintiff simultaneously filed a motion for leave to file a third amended complaint (Dkt. #22) and his Third Amended Complaint (Dkt. #23). The next day, Plaintiff filed two additional motions: an amended Motion for Leave to File Third Amended Complaint Pursuant to FRCP 15(a)(2) (the "15(a)(2) Motion for Leave") (Dkt. #24), and the present Motion to Reconsider (Dkt. #21). Twenty days later, on September 10, 2025, Defendant filed its Response to Plaintiff's Motion to Reconsider (Dkt. #28), yet filed no response to Plaintiff's separate 15(a)(2) Motion for Leave (Dkt. #22).[1] Following twenty-one days of Defendant's silence on the matter, the Court granted Plaintiff's 15(a)(2) Motion for Leave, holding that "Plaintiff's Third Amended Complaint (Dkt. #23) is deemed filed," and noting that no response had been filed in opposition (Dkt. #29). Because the Court erroneously granted Plaintiff's seemingly unopposed 15(a)(2) Motion for Leave, and because it finds no good cause exists to vacate or amend its prior final judgment under either Rule 59(e) or 60(b), Plaintiff's Motion for Reconsideration (Dkt. #25) must now be denied.[2]

---

[1] A close examination of the record indicates that Defendant only timely "addressed" Plaintiff's amended 15(a)(2) Motion for Leave (Dkt. #24) in two insufficient respects: by stating its disapproval of the filing in a footnote in its Response to Plaintiff's Motion to Reconsider (Dkt. #28) and by including the filing in its proposed order.

[2] The Court unfortunately erred in automatically granting Plaintiff's amended 15(a)(2) Motion for Leave (Dkt. #24). The exceptional size, scope, and workload of this docket sometimes (and regrettably) results in judicial oversight regarding motions cloaked in the appearance of neutrality. Though judicial errors are contemplated by the Federal Rules of Civil Procedure, the Court prides itself on minimizing these discrepancies as much as possible. *See* FED. R. CIV. P. 60. To that end, the Court asks that parties exercise greater diligence in clearly responding to any hostile motions, regardless of whether they take it upon themselves to deem a given motion "procedurally foreclosed" (Dkt. #32 at p. 2).

## LEGAL STANDARD

"In this Circuit, when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). But, "[w]hen a district court dismisses an action and enters a final judgment . . . a plaintiff may request leave to amend *only* by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60." *Id.* (emphasis added) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981)). "A post-judgment amendment is permissible only when the judgment is vacated pursuant to Federal Rule of Civil Procedure 59 or 60." *Partain v. Isgur*, 390 F. App'x 326, 328 (5th Cir. 2010). Yet a post-judgment amendment is never guaranteed—even where a party succeeds in vacating a judgment under Rule 59 or Rule 60, the battle to amend is technically only half-won. "While [Rule] 15(a) endows a district court with virtually unlimited discretion to allow amendments before entry of judgment, that discretion narrows considerably after entry of judgment." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (citation modified). Indeed, the Fifth Circuit has "consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995).

At least five factors govern a district court's decision to permit leave to amend a complaint under 15(a) following the imposition of a final judgment: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

3

amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent such factors, the leave sought should, as the rules require, be freely given." *Rosenzweig*, 332 F.3d at 864 (citation modified).

**I.      Rule 59(e)**

In the context of final judgment, the Fifth Circuit has collapsed the 15(a) standard into the 59(e) standard:

> Where judgment has been entered on the pleadings, a holding that the trial court should have permitted amendment necessarily implies that judgment on the pleadings was inappropriate and that therefore the motion to vacate should have been granted. Thus the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a).

*Dussouy*, 660 F.2d at 597 n.1.

Because Rule 59(e) "calls into question the correctness of a judgment," it is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Furthermore, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479. In sum, Rule 15(a) considerations control whether a party should receive such an "extraordinary remedy" following the entry of final judgment. *See id.* at 478–79.

**II.     Rule 60(b)**

"'Rule 60(b) differs from Rule 59(e) in just about every way that matters to the inquiry here.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 215 (2025) (quoting *Banister v. Davis*, 590 U.S. 504, 518 (2020)). While a Rule 60(b) motion "threaten[s] an already final judgment with successive litigation," the very filing of a Rule 59(e) motion "suspends the finality of the original judgment, and only the disposition of that motion restores the finality of the original judgment."

4

*Banister*, 590 U.S. at 519; *BLOM*, 605 U.S. at 215 (citation modified). Thus, Rule 60(b) avails itself of an entirely different, and objectively stricter, legal standard than either Rule 59(e) or Rule 15(a). *See Frew v. Young*, 992 F.3d 391, 397 (5th Cir. 2021). Under Rule 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

### III.  Judicial Error

Where a district court makes a "clerical mistake or a mistake arising from oversight or omission," it may order an appropriate remedy "on motion or on its own, with or without notice" absent the presence of a pending appeal. FED. R. CIV. P. 60(a). While "Rule 60(a) authorizes courts to correct mistakes sua sponte . . . Rule 60(b) requires a motion by a party." *In re Am. Precision Vibrator Co.*, 863 F.2d 428, 432 (5th Cir. 1989). Rule 60(a) is construed narrowly, "to bolster the finality of judgments and to block circumvention of more restrictive means to obtain review of orders and judgments in the district court." *Id.* at 430. Despite its narrow construction, the Fifth Circuit has held that Rule 60(a) "derives from a long-held power of courts to grant relief from their own judgments," and that Rule 60(a) thus enables judicial correction of purposeful actions taken under the direct influence of clerical mistakes. *Id.* at 430–31.

## ANALYSIS

Plaintiff's Motion to Reconsider is insufficient to warrant reconsideration of this Court's entry of final judgment and dismissal of Plaintiff's claims with prejudice (Dkt. #21). Furthermore,

the Court finds it necessary to vacate and rescind its prior erroneous Order Granting Plaintiff's Corrected Motion for Leave to File Third Amended Complaint Pursuant to FRCP 15(a)(2) (Dkt. #29).

## I.    Rule 59(e) Does Not Warrant Reconsideration

To receive the "extraordinary remedy" of relief from a final judgment in the form of an amended complaint under Rule 59(e), Plaintiff's request must not run afoul of the relevant 15(a) factors. *Templet*, 367 F.3d at 479; *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 575 (5th Cir. 2021) ("'The district court properly exercises its discretion . . . when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility.'" (quoting *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014))). Plaintiff argues against the existence of any "substantial reason" that might bar this Court from granting Plaintiff an additional opportunity to amend his Complaint. In response, Defendant points to three reasons to justify denial of Plaintiff's request for leave to amend: (a) Plaintiff has exhibited undue delay in his failure to cure deficiencies within the Complaint; (b) Plaintiff is attempting to relitigate the issue of standing by presenting arguments seriatim; and (c) Plaintiff cannot identify a manifest error of fact or law. For reasons detailed below, Defendant's argument takes the day.

First, Plaintiff's failure to seek leave to amend prior to the entry of final judgment constitutes a substantial reason for this Court to deny Plaintiff's request for relief under Rule 59(e). *See Rosenzweig*, 332 F.3d at 864 ("A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend."). Although Plaintiff had previously been granted leave to amend, Plaintiff failed to take the actions necessary to avoid final judgment in the nine months that Defendant's motion to dismiss was pending (Dkt. #16). Plaintiff's choice to "stand by [his Second] Amended Complaint and risk an adverse ruling from

the district court," especially in the face of a motion to dismiss, provides this Court with a substantial reason to deny his present request for leave to amend. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Second, Plaintiff's attempt to relitigate the issue of standing constitutes impermissible presentation of arguments seriatim. Plaintiff's Second Amended Complaint stated in relevant part that Plaintiff "has standing to sue to enforce the charitable purpose of the Fund [described in an agreement between Bennett and Defendant] because he is the Independent Executor of the Estate of Herbert K. Bennett" and "because he is the Trustee of the Herbert K. Bennett Living Trust" (Dkt. #13 at ¶ 10). Plaintiff repeated this assertion in his response to Defendant's motion to dismiss (Dkt. #17 at pp. 11–12). However, Plaintiff also expressly relied upon a written authorization that this Court declared contractually ineffective as a basis for his claims (Dkt. #17 at p. 13). This Court also determined that Plaintiff did not possess the "advisory privileges of a Donor/Advisor" under the Fund (Dkt. #21 at pp. 2, 7). This Court thus implicitly determined that the absence of express authorization and advisory privileges rendered Plaintiff's interest below that of the required "active or special interest in enforcement and proper administration of the [Fund]" needed to enforce his specific interpretation of the charitable purpose of the Herbert K. Bennett Charitable Fund. *Gray v. Saint Matthews Cathedral Endowment Fund, Inc.*, 544 S.W.2d 488, 491 (Tex. App.—Texarkana 1976, writ ref'd n.r.e.).

Furthermore, Plaintiff never expressly brought a claim on behalf of the estate or living trust associated with Herbert K. Bennett.[3] Plaintiff's Second Amended Complaint lists only two parties:

---

[3] At most, Plaintiff's Second Amended Complaint claims that he has "repeatedly requested [Defendant] issue grants from the Fund to certain charities" specifically "on behalf of Bennett" (Dkt. #13 at p. 3).

7

"Plaintiff John D. Pollock" and "Defendant American Endowment Foundation" (Dkt. #13 at ¶¶ 1–2). Plaintiff accordingly did not bring "this action on behalf of the decedent's estate and [is] not acting in a representative capacity for the estate," as "[t]he estate is not a party to the action." *Winn v. Panola-Harrison Elec. Co-op., Inc.*, 966 F. Supp. 481, 483 (E.D. Tex. 1997). While Plaintiff's proposed Third Amended Complaint attempts to address this issue by changing the case title to "John D. Pollock, individually and as the independent executor for the estate of Herbert K. Bennett," this change reflects a line of argument that could (and should) have been expanded upon long before this Court entered final judgment (Dkt. #23 at p. 1). As "[a] busy district court need not allow itself to be imposed upon by the presentation of theories seriatim," this Court finds that the manner in which Plaintiff has presented and defended his various theories of recovery constitutes another reason to deny his leave to amend under Rule 59(e). *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967)).

Third, Plaintiff's request for relief under Rule 59(e) has neither (a) identified a manifest error of fact or law; nor (b) sought to enter facts previously unavailable to him into the record. As a result, reconsideration is improper on either ground. *See James Roa v. City of Denison*, No. 4:18-CV-168, 2019 WL 6003295 at *2 (E.D. Tex. Oct. 2, 2019). In an attempt to highlight an error of law, Plaintiff argues that the Court did not expressly address his alternative theories of recovery and further asks that the Court view his claims for recovery outside of the context of a breach of contract. However, Plaintiff's first contention cannot justify reconsideration, as "[a] district court is not required to assert the negative of each rejected contention as well as the affirmative of those he finds to be correct." *United Overseas Exp. Lines, Inc. v. Medluck Compania*

8

*Maviera, S.A.*, 785 F.2d 1320, 1325 n.3 (5th Cir. 1986); *See Inmobiliaria Buda S. de R.L.de C.V. v. Brown*, No. 21-50660, 2022 WL 118425, at *1 (5th Cir. Jan. 11, 2022) ("A district court need not explain its reasons for granting a motion under Rule 12. . . . [a]n unexplained decision 'need not preclude affirmance if there are obvious reasons justifying the district court's decision.'") (quoting *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 484 (5th Cir. 1982) (citing FED. R. CIV. P. 52(a)(3)). Furthermore, to the extent that Plaintiff's second contention raises an issue that was left out of his pleadings or his response to either Defendant's original motion (Dkt. #16) or Defendant's subsequent reply (Dkt. #19), it cannot constitute a valid avenue for his requested relief. Indeed, its absence further highlights the presence of undue delay rather than the existence of a novel or intervening change in controlling law. *See Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 420 (5th Cir. 2010) ("In cases where a party seeks to amend [his] complaint after entry of judgment, [the Fifth Circuit has] consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." (citation modified) (quoting *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000))).

Because a Rule 59(e) motion "cannot be used to raise new arguments which could, and should, have been made before the judgment issued," the Court finds that Plaintiff has not presented a valid reason justifying his request for leave to amend. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

## II.  Rule 60 Does Not Warrant Reconsideration

Plaintiff argues that this Court's final judgment should be set aside pursuant to Rule 60(b)(1) and 60(b)(6). Rule 60(b)(1) permits a court to relieve a party from final judgment if that party provides evidence of "mistake, inadvertence, surprise, or excusable neglect." *See* FED. R. CIV.

P. 60(b)(1). Rule 60(b)(6), on the other hand, permits the court to do the same under "any other reason that justifies relief." *Id.* at 60(b)(6). Plaintiff has not raised sufficient evidence to succeed under either rule.

First, the sole alleged "mistake" that Plaintiff identifies is insufficient to warrant relief under 60(b)(1). Plaintiff argues that reconsideration is proper because this Court dismissed the lawsuit by expressly ruling on contractual standing "without addressing Pollock's standing as Independent Executor" (Dkt. 33 at p. 8). However, the Fifth Circuit "has determined that all claims not disposed of explicitly in a judgment are considered to have been implicitly rejected by the district court." *Soffar v. Dretke*, 368 F.3d 441, 470 (5th Cir. 2004), *amended on reh'g in part*, 391 F.3d 703 (5th Cir. 2004). Indeed, "to the extent [Plaintiff] argues that the . . . court failed to dispose of claims raised in [his] pleadings, [his] contentions fail, as claims not specifically addressed by the . . . court are 'implicitly denied with the entry of final judgment.'" *Alexander v. McCarthy & Holthus L.L.P.*, No. 23-20355, 2024 WL 939736, at *1 (5th Cir. Mar. 5, 2024) (quoting *Babb v. Dorman*, 33 F.3d 472, 476 n.6 (5th Cir. 1994)). As a result, this Court made no mistake warranting relief under Rule 60(b)(1).

Second, Plaintiff has failed to offer specific facts pertaining to his request for relief under Rule 60(b)(6). This is fatal to his Rule 60(b)(6) request, as "Rule 60(b)(1) and Rule 60(b)(6) are not pari passu and are mutually exclusive. . . . [t]he reason for relief set forth in Rule 60(b)(1) cannot be the basis for relief under Rule 60(b)(6)." *Transit Cas. Co. v. Sec. Tr. Co.*, 441 F.2d 788, 792 (5th Cir. 1971). This is because Rule 60(b)(6) is "a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions. Rule 60(b)(6) motions 'will be granted only if extraordinary circumstances are present.'" *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)

(quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). Plaintiff has not enumerated, and the Court has not uncovered, any extraordinary circumstances that might warrant relief under Rule 60(b)(6). As a result, Plaintiff's request for relief under that rule must be denied.

### III.    The Court Vacates and Rescinds its Prior Order Under Rule 60(a)

Rule 60(a) empowers courts to correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). This Court's prior Order Granting Plaintiff's 15(a)(2) Motion for Leave (the "Amending Order") (Dkt. #29) is one such mistake. As noted above, the Amending Order was an unfortunate result of this Court's exceptional workload and Defendant's inaction. Specifically, the Amending Order was filed due to this Court's automatic response to Defendant's failure to sufficiently address Plaintiff's 15(a)(2) Motion for Leave (Dkt. #24). Defendant's lack of clear opposition to Plaintiff's request resulted in this Court's mistaken belief that the motion was unopposed, and the motion was erroneously labeled as such before it was ultimately granted.[4] This mistake was clerical in nature and is precisely of the kind that Rule 60(a) works to correct.

Importantly, in its invocation of Rule 60(a), this Court recognizes that the Amending Order "accurately expressed the court's intention when it issued [the] order" and that the order cannot therefore be described as an "error . . . arising from oversight or omission" in that regard. *Am. Precision*, 863 F.2d at 430. Rather than rely upon the strict cold language of the statute for relief, however, the Court instead grounds its invocation of Rule 60(a) in the "long-held power of courts to grant relief from their own judgment." *Id.* Vacation and rescission of the Amending Order is

---

[4] The Amending Order expressly emphasizes the fact that "no response in opposition" to Plaintiff's 15(a)(2) Motion for Leave "has been filed" (Dkt. #29).

11

proper under Rule 60(a) because the Court "would not have granted [the] motion had [it] known of [Defendant's] opposition," and because the Court "presumably would follow" the rules of Federal Civil Procedure which prevent it from granting Plaintiff's request to amend prior to an appeal or vacation of judgment under Rule 59 or 60. *Id.* at 431 (noting that Rule 60(a) may be invoked to remedy an intentionally-filed order that was the direct result of a clerical error); *see Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 550 (5th Cir. 2009) ("A post-judgment amendment is permissible only when the judgment is vacated pursuant to Federal Rule of Civil Procedure 59 or 60.").

## CONCLUSION

It is therefore **ORDERED** that Plaintiff John D. Pollock's Corrected Motion to Reconsider, Vacate and/or Amend Judgment Pursuant to FRCP 59(e) and 60(b) (Dkt. #25) is hereby **DENIED**.

It is further **ORDERED** that the Court hereby vacates and rescinds its prior Order Granting Plaintiff's Corrected Motion for Leave to File Third Amended Complaint Pursuant to FRCP 15(a)(2) (Dkt. #29).

**IT IS SO ORDERED.**

**SIGNED this 9th day of December, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE